## BUCHAN *et al.* v. WILLIAMSON.

Where, in an action of complaint for land, the petition showed that the plaintiffs claimed as heirs-at-law of a decedent, suing with the consent of the administrator, and also showed on its face that their ancestor under whom they claimed had made a deed conveying the property to the defendant, and there was nothing to show that such deed did not convey a perfect title, the petition was properly dismissed on general demurrer.

Argued April 9,—Decided November 13, 1908.

Equitable petition. Before Judge Martin. Dodge superior court. November 27, 1907.

*W. H. Terrell,* for plaintiffs. *DeLacy & Bishop, D. M. Roberts & Son,* and *C. W. Griffin,* for defendant.

ATKINSON, J. Alice Buchan and others, as heirs-at-law of T. J. Buchan, deceased, brought suit to recover certain land from A.

G. Williamson. The petition alleged that the defendant was in possession of the land, describing it and referring to it in the descriptive clause "as described in deed from T. J. Buchan, dated January 10, 1895, to defendant." In the petition as originally filed it was alleged that "The defendant ousted T. J. Buchan of his possession, and went into possession under an alleged sheriff's sale and deed, which petitioners allege was void." By amendment this allegation was stricken; and it was also alleged that plaintiffs had the written consent of the administrator of Buchan to bring the suit. As thus amended the case presented the situation of heirs of a decedent undertaking to recover land from a defendant to whom they alleged the decedent had conveyed it, and with no attack on such conveyance, and nothing to show why it did not carry a perfect title to the defendant. Such a petition was plainly open to general demurrer. In the bill of exceptions reference is made to special demurrers, but the demurrer contained in the record is a general demurrer on several grounds, and not one of a special character. Each ground raises the issue of want of right on the part of the plaintiffs to recover under the allegations, and affects the petition as a whole.

There is another case before us between the same parties, based on an equitable proceeding, and some reference is made in the briefs to that action, but a demurrable petition in an action of complaint for land can not be saved because there is pending in the same court another suit of an equitable character between the same parties and relating to the same subject-matter. The record now under consideration is in no way connected with the other case on its face, and the only reference to the equitable petition is contained in the briefs of counsel.

*Judgment affirmed. All the Justices concur.*