### TAYLOR *et al. v.* BIRD *et al.*

BECK, P. J. Under the evidence and the pleadings in the case the court did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 1991. OCTOBER 12, 1920.

Injunction.      Before Judge Harrell.      Grady superior court. January 2, 1920.

On January 12, 1909, Bird conveyed to the board of education of Grady County, and their successors, an acre of land in consideration of $5. The deed, immediately after giving a description of the land, contained the words: "Said tract of land to be used for school purposes only, and when it ceases to be used for school purposes to revert to grantor." Then followed the clauses of habendum in fee simple, and of warranty. The board of education built upon the land a schoolhouse valued at about $500. In 1919, in the course of consolidation of school districts, the school-district trustees, by authority of the board of education, indicated a purpose to tear down and remove this building; and on petition of the heirs at law of Bird (the grantor), who had died, they were enjoined from so doing. They contended by counsel, that the clause in the deed relating to reverter was void for repugnancy to the conveyance of an estate in fee; and that the schoolhouse was in the nature of a trade fixture which they had a right to remove.

*R. R. Terrell,* for plaintiffs in error.