## LAMKIN *et al. v.* HINES LUMBER COMPANY.

ATKINSON, J. 1. A will contained provisions which, after disposing of some property, devised and bequeathed the residue of the testatrix's estate unto (1) the husband of the testatrix, "for and during his natural life, with remainder at his death unto" (2) the children of testatrix's nephews Julian, Robert, and James, "born or to be born, in equal shares, each of said children to take an equal share with each other child, said children taking per capita and not per stirpes, for and during the natural life of said child, with the remainder at the death of each child to" (3) his or her issue, "the children of said issue taking in the place of deceased parents and taking per stirpes and not per capita. In the event of the death of any child or children or descendants of child or children of" Julian, Robert, or James "before the death of" testatrix's husband, "without living issue or within the period permitted by the laws of Georgia as to perpetuities, without issue living, the interest of such deceased child or children or their issue shall be equally divided among" (4) "the children of" Julian, Robert, and James, "share and share alike, children standing in the place of deceased parent." The testatrix died in 1894, at which time the husband of testatrix and James and his four sons were in life. A fifth son of James was born three months thereafter. The husband of the testatrix died in 1908. James died in 1922. In 1918, 1919, 1921, and 1923, children were born to sons of James. *Held:*

1. "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and twenty-one years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under the legal limitations." Civil Code (1910), § 3678. Applying this rule, it has been stated by this court, referring to a devise to A for life with remainder to his children as a class: "Both at common law and under the decisions of this court,

50

such a devise in remainder has always been held, in accordance with an established principle of law which has become a rule of property, to vest the title only in the children in esse at the death of the testator, subject to open and take in all other children born up to the vesting of the estate in possession at the life-tenant's death." *Crawley* v. *Kendrick*, 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643).

2. The will involved in this case purported to dispose of an absolute estate by carving it into life-estates and estates in remainder for different persons, all relating to the same property. The will took effect at the death of the testatrix, at which time all of her title to the property devolved under the terms of the will. Therefore the limitations upon estates provided for in the will commenced at the death of the testatrix.

3. Where a testatrix after making certain specific bequests, devised the residue of her estate to her husband for life, with remainder to the children born or to be born of her three named nephews, for life, and with remainder to the children of the said children of said nephews, children of the nephews all being in existence when the will took effect, the last limitation was not within the rule against perpetuities, because it necessarily vested when the will took effect, and therefore was within the period fixed by this rule. This ruling does not conflict with the decisions made by this court in *Overby* v. *Scarborough*, 145 *Ga.* 875 (90 S. E. 67), and *Shewmake* v. *Robinson*, 148 *Ga.* 287 (96 S. E. 564), the taking effect of the remainders in those cases being dependent upon the happening of a contingent event which could happen beyond the limits fixed by the rule.

4. For reasons indicated in the preceding note, the limitation to children in life of the named nephews at the time the testatrix died was valid.

5. Where a child of Julian, who was in life at the time the limitations commenced, whose devise under the will was valid according to the ruling announced in the third note, supra, joined, after the death of the husband of the testatrix (the first life-tenant), with the others of her class in partition of the property, and a definite portion thereof was given in kind to those who were the children of James, such partition was good as between the said child of Julian and the children of James and those claiming under them.

6. Applying the foregoing principles, the judge erred in refusing an injunction.          *Judgment reversed. All the Justices concur.*

*Wilmer D. Lanier, Samuel F. Garlington,* and *Hamilton Phinizy,* for plaintiffs.

*John T. West & Son* and *Callaway & Howard,* for defendant.