### LEACH *et al.* v. STEPHENS *et al.*

1. A testator by item 6 of his will devised certain described land to his "daughter Patsy, and to such children as she may have born unto her, subject to the same restrictions and conditions as provided in the 5th item of this my will. If my said daughter shall die without bodily heirs, then I direct all the property herein bequeathed to her revert to my estate at her death." By item 5 the testator devised certain other land to his daughter Mary, "the income of said lands to be used for the support and maintenance of my daughter and her children, and to be occupied by them for a home during the life of my said daughter, and at the death of my said daughter, Mary, to be divided equally among her children. It is my will, and I so direct, that said lands, shall in no event nor under any circumstances be sold for the support of my said daughter during her life; nor shall the same be sold by order of the court, or otherwise, for reinvestment, but shall remain for home for my daughter and the support of her children during her natural life. I further direct that no order of court or any other authority be granted authorizing the sale of said land during the life of my daughter, and that the same shall be kept and remain for distribution amongst my daughter's children as aforesaid; and if the same shall be sold by any means, I direct that the children shall sue for the same and recover it, if possible, upon the death of my daughter, Mary." Construing the two items of the will together, *held*, that the devise to the daughter Patsy was for life, with remainder to her children as a class; and there being no child of the life-tenant in esse at the death of the testator, the remainder is construed to be contingent until the birth of a child, when the title to the remainder immediately vests, subject to open and take in all children born before the termination of the life-estate.

    (*a*) A child belonging to the class referred to in the preceding note has a leviable interest in the property devised.

    (*b*) The provision in the will against a sale of the property as against creditors of the legatee is void.

2. The court did not err refusing an interlocutory injunction to prevent the enforcement of the fi. fa. against such interest.

No. 4183.　October 21, 1924.

Petition for injunction. Before Judge Persons. Lamar superior court. December 29, 1923.

*J. M. Fletcher,* for plaintiffs.

*Willingham & Willingham,* for defendants.

Hill, J. Mrs. Blannie Leach and Mrs. Minnie Mann filed an equitable petition against R. B. Stephens and Z. T. Elliott, sheriff, to enjoin them from enforcing a certain fi. fa. in favor of R. B. Stephens against the life-estate of Mrs. M. P. Driskell, formerly. Patsy Maddox, and a one-third undivided interest of J. T. Driskell as remainderman, in a certain described tract of land devised by

13

Samuel B. Maddox by will dated January 2, 1882, and probated in solemn form at the December term, 1886, of the court of ordinary of Monroe County. The plaintiffs are the children of the testator, and M. P. Driskell and J. T. Driskell (also named as defendants) are the wife and only other child of testator, respectively. Plaintiffs allege that the defendants last named have no leviable interest in the land levied upon, but that their interests are only contingent. The judge refused an injunction, and the plaintiffs excepted.

The property levied upon is alleged to be the same property that the testator devised by item 6 of the will, which reads as follows: "I give and bequeath to my daughter, Patsy Maddox, one hundred and forty acres of land, with the buildings thereon, off the north half of lot lying east of the half lot of land herein bequeathed to Mary R. Ross in the 5th item of this will. I direct that my executors shall select three disinterested persons to estimate the value of said land, which amount shall be charged up against my said daughter, Patsy; and if the same shall be valued as more than four hundred dollars (the distributive share due my said daughter from my said estate), then I direct . . that such deficiency be made up to her from my estate and invested in lands, subject to the same restrictions as is hereinafter provided for said half lot of land above described. I hereby give and bequeath said lands and all my property that my daughter may receive from my estate, to my said daughter Patsy, and to such children as she may have born unto her, subject to the same restrictions and conditions as provided in the 5th item of this my will. If my said daughter shall die without bodily heirs, then I direct all the property herein bequeathed to her revert to my estate at her death." Item 5 of the will (as far as applicable here) is as follows: "I give and bequeath to my daughter Mary R. Ross and her children . . [?] and buildings now stand, said half lot being the east half of said lot, and lying in the seventh district of said county of Monroe . . .; the income of said lands to be used for the support and maintenance of my daughter, and her children, and to be occupied by them for a home during the life of my said daughter, and at the death of my said daughter, Mary, to be divided equally among her children. It is my will, and I so direct, that said lands shall in no event nor under any circumstances be sold for the support of my said daughter during her life, nor shall the same be sold by order of court or otherwise, for reinvestment, but shall remain for home for my daughter and

the support of her children during her natural life. I further direct that no order of court or any other authority be granted authorizing the sale of said land during the life of my daughter, and that the same shall be kept and remain for distribution amongst my daughter's children as aforesaid; and if the same shall be sold by any means, I direct that the children shall sue for the same and recover it, if possible, upon the death of my daughter Mary P. [R.] Ross."

It is alleged in the petition that "the plaintiffs herein and J. T. Driskell are the only remaining heirs of the said M. P. Driskell," who is the same as Patsy Maddox, named in the foregoing items of the will. It does not appear that Mrs. M. P. Driskell is dead, nor how the plaintiffs are the "heirs" of Mrs. M. P. Driskell, except as above set out. There was no demurrer to the petition. R. B. Stephens filed an answer in which he averred that he is not attempting to sell the present interest in the land vested in the defendants in fi. fa., with which acts on his part the plaintiffs are not concerned; that under the will of testator Mrs. M. P. Driskell is clearly vested with a life-estate in the lands, which is subject to levy and sale, and J. T. Driskell is vested with a one-third interest in remainder, subject to levy and sale. Neither Mrs. Driskell nor J. T. Driskell filed any pleading in the case.

We are of the opinion that the court properly refused the injunctive relief prayed for, both for the reason that the defendants in fi. fa. have a leviable interest in the lands devised by the will, and because the plaintiffs have not alleged and shown such interest in the lands as would authorize them to bring and maintain the suit for the relief sought. A case very similar in its facts to the present is that of *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482), where this court held: "In a devise to one for life, with remainder to his children as a class, there being no child of the life-tenant in esse at the death of the testator, the remainder is construed to be contingent until the birth of a child, when the title to the remainder immediately vests, subject to open and take in all children born before the termination of the life-estate. . . A child belonging to the class referred to in the foregoing headnote has a leviable interest in the property devised." The ruling in the *Gibbons* case is controlling here. As said by Mr. Justice Beck, who delivered the opinion: "The levy would more properly have been made upon the undivided remainder interest of W. S. Gibbons Jr.,

instead of upon a one-fourth interest, inasmuch as the life-estate is not yet terminated, and in case the life-tenant should have other children the remainder interest would open again to let in such child or children, and the interest leviable upon by this fi. fa. against W. S. Gibbons Jr. would be, not one-fourth, but an interest in remainder equal to that of each of the other remaindermen. However, this question is not raised by the petition, but the enforcement of the fi. fa. is combated upon the sole ground that the defendant in fi. fa. has no leviable interest in the property."

We are also of the opinion that the provision in the will against the sale of the property, so far at least as against the creditors of the legatees is concerned, is void. In Pritchard on Wills and Administration, 179, § 165, it is said: "Terms of exclusion of the donee's creditors, not amounting to a limitation of the estate, can no more repel the creditors than a restraint upon alienation can tie the hands of the donee himself. Liability for debts ought to be, and is, just as much an incident of property as the jus disponendi is; for, indeed, it is one mode of exercising that power. By the use of no terms or act can the legal title to property be given to a man so that he may continue to own and enjoy it and at the same time defy his creditors and deny them satisfaction thereout. Consequently, a condition in a bequest or devise that the property shall not be subject to the debts of the legatee or devisee is void." See Civil Code (1910), § 3657; *Cowart* v. *Singletary*, 140 *Ga.* 435 (5) (79 S. E. 196, 47 L. R. A. (N. S.) 621, Ann. Cas. 1915A, 1116); 2 Lea, 44, 46; 4 Kent's Com. 131; Paige on Wills, § 684.

So, we reach the conclusion that the court did not err in refusing an injunction.     *Judgment affirmed. All the Justices concur.*

BECK, P. J., and ATKINSON and GILBERT, JJ., concur in the result.