## Tabor *et al. v* Gilmer County.

Duckworth. Chief Justice. 1. Where one conveyed land to a county in order that it might erect thereon a courthouse, providing that if the county failed to do so ·the title would revert to a named corporation, a breach of the condition subsequent would not cause the title to be reinvested in the grantor, but it would revert to the corporation as provided in the deed. See *Isler* v. *Griffin,* 134 *Ga.* 192 (4) (67 S. E. 854); *Irby* v. *Smith,* 147 *Ga.* 329 (93 S. E. 877).

2. Where prior to such conveyance to the county the grantor had executed to one person a bond for title to a one-half undivided interest in certain land, which embraced that portion subsequently conveyed to the county, and also executed a bond for title to the other one-half undivided interest to the corporation aforesaid, to which the first mentioned bond for title was transferred and assigned by its holder, and thereafter the corporation "sold, transferred, and assigned the two above-mentioned bonds for title" to two persons who thereafter did "surrender, give up and cancel the above-mentioned bond for title" to the maker thereof, such maker did not thereby reacquire title to the land which embraced that conveyed to the county. *Holder* v. *Scarborough,* 119 *Ga.* 256 (2) (46 S. E. 93); *Latham* v. *Fowler,* 192 *Ga.* 686, 690 (2) (16 S. E. 2d, 591).

3. Whether or not a stipulation that a courthouse had not been erected on land conveyed to the county for that purpose, but that a hotel building on other land had been converted into a courthouse and was being used as such by the county, was an admission by the county that the condition subsequent in the deed to the county had been breached, is immaterial to the decision in ·the present case, since the title would revert, not to the grantor in the deed, but to the corporation named therein.

4. Whether or not, in the present action by the heirs at law of the deceased grantor in the deed to recover the land because of an alleged breach of the condition subsequent in the deed, the original admission in the answer of the defendant that the title reverted to the grantor because of the alleged act of the county in constructing a courthouse on property other than that deeded to it by the petitioner's intestate, remained in force notwithstanding the stipulation mentioned in the preceding headnote, it was alleged by the petitioners, and admitted by the defendant, that the deed to the county contained a provision that upon breach of the condition subsequent therein provided the title to the land would revert to the named corporation. Consequently, the ambiguity between such allegation and the allegation that the title reverted to the grantor in the deed to the county must be resolved against the petitioners; and so treated, it must be held that upon a breach of the condition subsequent the title would revert to the named corporation and not to the deceased grantor in the deed.

5. Upon application of the foregoing principles of law to the facts of the present case, it being shown that title to the land in question would revert to one other than the grantor in the deed upon a breach of the condition subsequent provided therein, the judge, to whom the case was submitted for decision upon the pleadings and stipulation of facts, did not err in awarding a nonsuit.

*Judgment affirmed. All the Justices concur, except Hawkins, J., disqualified.*

No. 16674. JUNE 15, 1949.

*W. V. Lance,* for plaintiffs.

*O. L. Foster* and *Wood & Tallant,* for defendants.