WILLS *et al v.* PIERCE *et al.*

No. 17557. SUBMITTED SEPTEMBER 10, 1951—DECIDED OCTOBER 10, 1951.

418

*Newell Edenfield* and *Phillip Sheffield*, for plaintiffs in error.
*R. R. Jones*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The granting clause in the deed under consideration was: "In consideration of the sum of one dollar to me paid, I . . do hereby sell and convey to [the grantee and,] . . his heirs, a tract or parcel of land and appurtenances in fee simple." Then followed a description of the land, after which the grantor inserted the provision that the property was to be used as a home by the grantee, his family, and his heirs, and that upon the abandonment of the property as a residence by the grantee, his family, or his heirs, the same should revert to the grantor's estate and go as provided in his will.

Standing alone, the first clause in the deed would have conveyed an unconditional fee-simple estate, and the sole question for determination is whether or not the condition subsequent under which the forfeiture is claimed is valid and enforceable.

A provision in a deed or will that a fee-simple estate may not be sold is void as being repugnant to the estate granted. Code, § 85-903; *Freeman* v. *Phillips*, 113 *Ga.* 589 (38 S. E. 943); *Crumpler* v. *Barfield & Wilson Co.*, 114 *Ga.* 570 (40 S. E. 808); *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935); *Leach* v.

*Stephens,* 159 *Ga.* 193 (125 S. E. 192) ; *Farkas* v. *Farkas,* 200 *Ga.* 886 (2), (38 S. E. 2d, 924).

While no express language is used in the present deed inhibiting alienation of the property, nevertheless—the condition being that the property was to be used as a home by the grantee, his family, and his heirs—the requirement to use as a home and the right to sell are mutually exclusive, and whether or not the case falls within the rule against perpetuities, the conclusion is inescapable that since the grantee and his heirs must use the premises as a home they cannot sell it.

The instant case is distinguished by its facts from *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135 (1), (60 S. E. 836), where the condition subsequent was that the grantor reserved the right to repurchase the land, and *Blevins* v. *Pittman,* 189 *Ga.* 789 (2a), (7 S. E. 2d, 662), where the the restriction against alienation was limited to one person and her children.

A different question would have been presented if the condition subsequent had been that the premises should be used "as a home" or "for residential purposes" generally. See, in this connection, *City of Barnesville* v. *Stafford,* 161 *Ga.* 588 (1), (131 S. E. 487, 43 A. L. R. 1045), *Taylor* v. *Bird,* 150 *Ga.* 626 (104 S. E. 502), *Rustin* v. *Butler,* 195 *Ga.* 389, (24 S. E. 2d, 318), *Williams* v. *Ramey,* 201 *Ga.* 737 (1), (41 S. E. 2d, 159), *Tabor* v. *Gilmer County,* 205 *Ga.* 439 (1), (53 S. E. 2d, 915), and similar cases, where conditions subsequent requiring use of property generally for park, school, religious, and courthouse purposes were held valid and enforceable.

Accordingly, the present petition, seeking to enforce a forfeiture for breach of a void condition subsequent, failed to set forth a cause of action, and the trial court erred in overruling the defendants' general demurrer.

> *Judgment reversed.   All the Justices concur.*