18476. LANDRUM *et al.*, by Guardian, *v.* NATIONAL CITY BANK OF ROME, Executor, *et al.*

Submitted. January 13, 1954—Decided February 8, 1954.

*Graham Glover*, for plaintiffs in error.

*Parker, Clary & Kent, Wright, Rogers, Magruder & Hoyt, George Anderson*, contra.

WYATT, Presiding Justice. 1. The first question presented by this bill of exceptions is whether or not the provisions in the will of William O. Weems, deceased, quoted in the statement of facts, violate the rule against perpetuities. Code § 85-707 provides as follows: "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations."

The limitations in the instant case commenced at the death of the testator. The question then is whether or not at that time there was a possibility that the limitations in the will would extend beyond the period permitted by Code § 85-707. The limitations in the instant case were that the income from the trust estate was to be paid to the three sisters of the deceased. At the time of the testator's death, these three sisters were in life, and there was no possibility that any unborn sister would share in

the income, since the gift of income was limited to "my three sisters," who had been previously identified in the will.

The will then continued, "at their deaths I desire said income to be paid to my nieces in equal parts and the trust held intact as long as anyone of them is living and 21 years thereafter." This limitation constitutes a gift to a class, the class composed of the nieces of the testator. *Johns* v. *Citizens & Southern Nat. Bank,* 206 *Ga.* 313 (57 S. E. 2d 182); *Toucher* v. *Hawkins,* 158 *Ga.* 482 (123 S. E. 618). Under this limitation, the nieces of the testator living at the time of his death take a vested interest, subject to open so as to let in any additional nieces born during the existence of the preceding trust, or, in other words, during the life of the three sisters of the deceased or the survivor of them. *Milner* v. *Gay,* 145 *Ga.* 858 (90 S. E. 65); *Leach* v. *Stephens,* 159 *Ga.* 193 (125 S. E. 192); *Lumpkin* v. *Patterson,* 170 *Ga.* 94 (152 S. E. 448); *Walters* v. *Suarez,* 188 *Ga.* 190 (3 S. E. 2d 575). Therefore, since there were living sisters of the deceased at the time the limitation commenced, and since the presumption of fertility is conclusive (*Williams* v. *Frierson,* 150 *Ga.* 797, 105 S. E. 475), there was a possibility at the time the trust began that the class "nieces" would open and let in unborn nieces; that unborn nieces would share in the income from the trust; and that the trust would extend through the lives of such nieces, or through a life or a number of lives not in being at the time the limitations became effective. The result naturally follows that, since there was a possibility that the limitations contained in the will of the deceased would extend through lives not in being when the limitations commenced, or for a longer time than is permitted by the rule against perpetuities (Code § 85-707), those limitations that are too remote are illegal and void, and the last legal takers will become entitled to the trust estate in fee simple.

What we have here ruled is in no way in conflict with the rulings made in *Parker* v. *Churchill,* 104 *Ga.* 122 (30 S. E. 642), cited and relied upon by the plaintiffs in error. The limitations in that case were to a number of persons bearing various relationships to the testator, all of whom constituted only one class. They were not divided into several classes according to their relationship with the testator, or in any other way, the interest

of each to begin successively after the death of the testator, but were all made one class, and the interest of the class was to take effect immediately upon the death of the testator. Therefore, under the rules of law governing gifts to a class, the members of the class were all determined upon the death of the testator, and any persons born after the death of the testator, even though they may have been included in the description of persons entitled to share in the trust, would not be included in the class. *Toucher* v. *Hawkins*, supra; *Hancock* v. *Griffin*, 171 *Ga.* 787 (156 S. E. 659). Therefore, since the trust was to extend only through the lives of these beneficiaries under the trust, and then to certain charitable organizations, and since all these beneficiaries were in life at the time the testator died, it was properly held that this trust did not violate the rule against perpetuities.

The rulings made in *Lamkin* v. *Hines Lumber Co.*, 158 *Ga.* 785 (124 S. E. 694), cited and relied upon by the plaintiffs in error, are apparently in conflict with the rulings here made. They are apparently also in conflict with the overwhelming weight of authority. See 155 A.L.R. 752; 70 C. J. S. 595, § 16; Mitchell on Real Property in Georgia, p. 350.

The rulings made in *Lamkin* v. *Hines Lumber Co.*, supra, are also in conflict with the reason for the rule against perpetuities. The purpose of the rule is to prevent the tying up of property for an indefinite period and thus destroying its salability. An interest such as is created under the will here in question, even though it is vested in a class that is subject to open so as to let in persons born during the existence of the preceding estate, just as effectively ties up property and prevents its being freely sold as if the interests created were contingent. This is true because the estate can not be sold so as to bar the interests of the unborn members of the class. Also, in a case such as the instant one, the possibility is just as great that the interests created will not vest without being subject to being diminished within the time allowed by the rule against perpetuities, and thus tie up property and prevent its being freely sold for a period longer than is deemed desirable by the law as if the interests created were contingent.

Therefore, after careful consideration and after giving counsel on both sides notice and an opportunity to be heard, we conclude that the decision in *Lamkin* v. *Hines Lumber Co.*, supra, is un-

sound, and, insofar as it is in conflict with the rulings here made, it is specifically overruled.

2. Since it has been ruled that the provision in the will here under consideration violates Code § 85-707, the next question presented is which of the limitations are too remote, and who will become entitled to the trust estate in fee when the time for distribution arrives. It has already been decided that the provision to hold the property in trust through the lives of the nieces of the testator is a violation of the rule against perpetuities. Therefore, any interest that comes after the interest of the nieces is necessarily too remote and illegal and void. It follows, the interests attempted to be created in the great-nieces of the testator are not within the time permitted by the rule against perpetuities and are therefore illegal and void.

As has already been pointed out, the interest of the nieces of the testator is vested, subject to open and let in any nieces born during the existence of the preceding trust. Since the preceding trust is for the benefit of the sisters of the testator, and since it appears that the testator had no other sisters or brothers living at his death, all the members of the class "nieces" must necessarily be determined and their interests become vested without any possibility of their being increased or diminished within the period allowed by the rule against perpetuities. This is true for the reason that, with the death of the last·sister, the possibility of the birth of additional nieces will be extinct, and the trust, from the time it became effective at the death of the testator, could not extend for longer than the lives in being, the lives of the three sisters of the testator. It follows, the nieces of the testator, as the last legal takers under the will, will become entitled to the trust estate in fee simple upon the expiration of the preceding trust, and the children of nieces who die after the death of the testator will be entitled to share per stirpes in the estate.

3. The next question presented concerns the disposition of the income from the trust pending the final settlement of the trust estate. A finding that a provision of a will violates the rule against perpetuities does not destroy the entire testamentary scheme of the will, but only that portion of the will which violates the rule. The intent of the testator should be carried out insofar as it is permissible under the law. *Toucher* v. *Hawkins,*

supra. Therefore, the trust for the benefit of the three sisters of the testator continues in effect, and the judgment of the court below ordering the trustee to pay the income from the trust to the three sisters of the deceased pro rata for and during their natural lives, and until the death of the last survivor of them, is not erroneous.

4. It follows from what has been said above, the judgment of the court below was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*