## 19921. WRIGHT *et al. v.* PRITCHETT.

MOBLEY, Justice. The plaintiffs, as heirs at law of Mrs. W. T. Charles, brought a statutory action for land against Lee Pritchett. They allege themselves to be owners in fee of the described premises by virtue of a deed attached to their petition, executed on December 16, 1943, by Mrs. W. T. Charles in favor of B. J. Charles. They contend that, under said deed, Mrs. Charles reserved to herself a life estate, and conveyed to B. J. Charles a life estate with remainder at his death to her heirs; and that, Mrs. Charles having died on July 31, 1949, and B. J. Charles having died on January 31, 1952, petitioners, as her heirs, are vested with a remainder in fee. The petition further alleges that the defendant is in possession of said property claiming title thereto by virtue of deeds from Mrs. W. T. Charles, and that Mrs. Charles is the common source of title. There is no allegation that the deeds of the defendant are younger in point of time than the deed under which the plaintiffs claim nor is there any allegation or fact set out to show the superiority of the plaintiffs' claim or to show that the deeds to the defendant did not convey a perfect title to him. A general demurrer to the petition was sustained and the petition dismissed, and to this judgment the plaintiffs except. *Held:*

1. Where a plaintiff brings a complaint for land under the Code procedure, his petition must show a complete title or other right to recover in order to withstand a general demurrer. See *Dugas* v. *Hammond,* 130 *Ga.* 87 (60 S. E. 268); *Chidsey* v. *Brookes,* 130 *Ga.* 218 (60 S. E. 529, 14 Ann. Cas. 975); Powell, Actions for Land, pp. 41, 97; 18 Am. Jur. 73, § 83.

2. "Ordinarily the plaintiff in his petition need not anticipate or negative a possible defense. Where, however, such defense is anticipated, it must be effectually avoided, or the complaint is bad." *James* v. *Maddox,* 153 *Ga.* 208 (3) (111 S. E. 731); *Smith* v. *Scarborough,* 182 *Ga.* 157 (2) (185 S. E. 105).

3. "Where, in an action of complaint for land, the petition showed that the plaintiffs claimed as heirs-at-law of a decedent, suing with the consent of the administrator, and also showed on its face that their ancestor under whom they claimed had made a deed conveying the property to the defendant, and there was nothing to show that such deed did not convey a perfect title, the petition was properly dismissed on general demurrer." *Buchan* v. *Williamson*, 131 *Ga.* 509 (62 S. E. 819).

4. Applying the principles of law stated above, the plaintiffs failed to allege a cause of action. The petition shows upon its face that the defendant is in possession of the land, claiming title thereto under deeds from the plaintiffs' grantor, and there is no allegation or fact set forth to show that the title of the plaintiffs is superior to that of the defendant, nor is any other right to possession in the plaintiffs alleged. As the petition presently stands, it simply shows that the plaintiffs claim title to the land by virtue of a deed attached as an exhibit to their petition, and that the defendant is in possession of the land claiming title thereto under deeds from the same grantor.

5. Furthermore, the deed relied upon by the plaintiffs does not, as they contend, grant to them a vested remainder in the property described therein. The deed from Mrs. Charles to B. J. Charles is in all respects and form a warranty deed, is attested as a deed, and conveys the property absolutely and in fee simple to the grantee with the express reservation that Mrs. Charles is to have possession, custody, and control of the property, and issues, rents, and profits thereof, for the duration of her life. Such a deed amounts to a conveyance of the property in fee to the grantee with a reservation of a life estate in the grantor. *Sharpe* v. *Mathews*, 123 *Ga.* 794 (51 S. E. 706). Such fee-simple estate was not cut down or limited to an estate for life by the precatory words found in the latter portion of the deed, as follows: "And it is my desire that B. J. Charles keep this property as long as he lives and at his death it be divided among the remainder of my heirs which are living and if B. J. Charles offers this property for sale, this deed to be made void." "The general rule is that courts will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intention to limit the devise is clearly

and unmistakably manifest." *Smith* v. *Slade,* 151 *Ga.* 176 (2) (106 S. E. 106). The provisions of the deed upon which the plaintiffs rely do not clearly and unmistakably show an intention of the grantor to limit or cut down to a life estate the estate in fee previously conveyed in the deed; and in the absence of such clear and manifest intention on the part of the grantor in this case, this court will not construe the fee-simple estate previously granted to be only a life estate. Code § 85-503; *Smith* v. *Slade,* supra; *Budreau* v. *Mingledorff,* 207 *Ga.* 538 (3) (63 S. E. 2d 326).

" 'Conditions repugnant to the estate granted or to do impossible or illegal acts, or which in themselves are contrary to the policy of the law, are void.' Code § 85-903. Under the Code section just quoted, a devise in fee with an inhibition against alienation is repugnant to the fee, and is therefore void." *Farkas* v. *Farkas,* 200 *Ga.* 886 (1, 2) (38 S. E. 2d 924). Accordingly, since the deed to B. J. Charles operated as a conveyance to him in fee simple, the effort to restrict his use of the property was ineffectual, and the provision that the deed would be void if he offered the property for sale was repugnant to the estate granted and was void. *Stamey* v. *McGinnis,* 145 *Ga.* 226 (2) (88 S. E. 935); *Wills* v. *Pierce,* 208 *Ga.* 417 (67 S. E. 2d 239).

6. For the reasons given above, the petition failed to allege a cause of action, and it was not error for the trial court to sustain the general demurrer thereto and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1958—DECIDED FEBRUARY 10, 1958—
REHEARING DENIED MARCH 7, 1958.

*William Butt, Herman J. Spence,* for plaintiffs in error.

*H. G. Vandiviere, H. L. Buffington, Jr., P. T., McCutchen, Avary Dimmock, Jr.,* contra.