## 21242. THYER MANUFACTURING CORPORATION v. DRAKE.

ARGUED JUNE 13, 1961—DECIDED JULY 6, 1961—REHEARING DENIED JULY 10, 1961.

*Perry, Walters & Wagstaff, H. H. Perry, Jr.,* for plaintiff in error.

*P. Walter Jones, Robert M. Drake,* contra.

*Eugene Cook, Attorney-General, Ben F. Johnson, Robert W. Goodman, Deputy Assistant Attorneys-General,* for parties at interest.

HEAD, Presiding Justice. Under the Georgia "Retailers' and Consumers' Sales and Use Tax Act," the term "dealer" is defined in part as follows: "The term 'dealer' as used in this Act shall include every person, as used in this Act, who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in this State." Ga. L. 1951, pp. 360, 368, § 4 (*Code Ann. Supp.* § 92-3404a). Under the rulings of this court in *Williams v. Bear's Den, Inc.,* 214 Ga. 240 (104 SE2d 230) and *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616 (112 SE2d 601) the responsibility for collecting the taxes levied by the act from the purchaser and remitting to the State Revenue Commissioner is on the dealer. The plaintiff shows by its allegations

that it is a "dealer," that it sold merchandise to the defendant upon which the defendant did not pay sales taxes to the State of Georgia, and that the plaintiff has paid the taxes due. The right of the dealer to recover for taxes paid where they are not paid by the purchaser is provided for in the act as follows: "Dealers shall, as far as practicable, add the amounts of the tax imposed under this Act to the sales price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in the same manner as other debts." Ga. L. 1951, pp. 360-373, sec. 12 (b) (*Code Ann. Supp.* § 92-3415a).

In order for a pleading to be good as against a general demurrer, it is not required that the plaintiff anticipate a possible defense by the defendant. If the plaintiff by his petition does anticipate a possible defense by the defendant, it must be effectively avoided or the petition is subject to general demurrer. *Swafford v. Glaze*, 206 Ga. 574 (57 SE2d 823); *Wright v. Pritchett*, 213 Ga. 865 (102 SE2d 602); *Columbian Mutual Life Ins. Co. v. Carter*, 58 Ga. App. 150 (197 SE 925); *Douglas v. McNabb Realty Co.*, 78 Ga. App. 845 (52 SE2d 550). In the present case the petition states a cause of action for the taxes alleged to be due, and no defense is anticipated by any allegation contained in the petition.

*Judgment reversed. All the Justices concur.*