### 31494. ROGERS et al. v. ROOTH.

HALL, Justice.

This is an appeal from a summary judgment in favor of appellee, Ann Rogers Rooth, regarding the construction of a will. The trial court held that the will violates the rule against perpetuities and it vested fee simple title to the farmland in question in appellee as the last legal taker under the will.

Floy Rogers died on June 17, 1959 leaving a last will and testament which was probated in solemn form. Item Four of that will which allegedly violates the rule against perpetuities reads as follows: "Upon the death of my said wife, Cleone B. Rogers, upon her remarriage, or upon her failing to make the premises described in Item Three her home for a continuous period of time exceeding Twelve (12) months, title to said property shall pass to my daughter, Dorothy R. Thompson, for and during her natural life. Upon the death of my said daughter, title to said premises shall pass to my son, Floy S. Rogers, for and during his natural life. Upon the death of my said son, title shall pass to and become the property of the child or children born or to be born unto my said son, for and during their natural life or lives, with remainder over, at the death or deaths of them, to their children, in fee simple. However, should the child or children of my son, Floy S. Rogers, die without leaving a child or children, or descendants, then title to said property shall pass to the sons of my deceased brother, O. C. Rogers, to-wit: Joe Rogers, Casper Rogers, and Robert Rogers, share and share alike, or their heirs, if they should not be in life."

At his death in 1959 the testator was survived by the following: Cleone B. Rogers, his wife; Dorothy Rogers Thompson, his daughter; Floy S. Rogers, Jr., his son; Ann Rogers Rooth, his granddaughter (appellee in this case);

and Joe Rogers, Casper Rogers, and Robert Rogers, his nephews (appellants in this case).

The testator's wife remarried in 1970, thereby terminating her interest in the property; the testator's daughter died in 1973, thereby terminating her life estate in the property; the testator's son died in 1966, at which time his interest in the property was terminated. The appellee is presently enjoying a life estate in the property, as the sole child of the testator's deceased son.

The appellee initiated this action by seeking a declaratory judgment to have her interest under the will defined. She contended that the will violated the rule against perpetuities and that she should be vested with fee simple title to the property as the last legal taker under the will. After appellants answered the petition, the appellee filed a motion for summary judgment, asking the court to vest fee simple title to the property in her. Appellants filed a countermotion for summary judgment, contending that it was premature for the court to decide whether the rule against perpetuities had been violated. The appellee's summary judgment motion was granted by the trial court. Appellants appeal.

Appellants contend initially that it is premature for the court to determine whether the rule against perpetuities has been violated, since the life-in-being-plus-21-years time period has not run. Secondarily, appellants contend that the will in question does not violate the rule and therefore the appellee should not have been vested with fee simple title to the land in question. We find these contentions to be without merit.

Whether an instrument violates the rule against perpetuities is to be determined at the death of the testator when the limitations begin, because the crucial determination is not whether the rule is in fact violated but rather whether the rule may be violated. See *Landrum v. Nat. City Bank,* 210 Ga. 316, 317 (80 SE2d 300) (1954); Redfearn, Wills and Administration in Georgia, (3d Ed.) § 175, p. 463 (1965). Therefore, the relevant date to determine whether or not the will in question violates the rule against perpetuities is June 17, 1959, the day the testator died and the date when the limitations began. Appellants' argument that it is

premature to ascertain whether or not the rule has been violated because the time requirements under the rule have not expired is therefore without merit.

Code Ann. § 85-707 (a) provides: "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. . . When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." The limitations in the instant case commenced at the death of the testator. The question then is whether or not at that time there was a possibility that the limitations in the will would extend beyond the period permitted by Code Ann. § 85-707 (a).

The first step in determining whether or not the rule is violated is choosing the measuring life or lives. That person or those persons must be lives in being at the creation of the interest, which in the case of a will is the testator's death. W. B. Leach, Perpetuities in a Nutshell, 51 Harv. L. Rev. 638, 641 (1938). In this case the testator's children are the proper measuring lives. While appellee, the testator's grandchild, was a life in being at the testator's death, she cannot be used as the measuring life because she could have had siblings who were not yet born at the testator's death. Using the testator's son and daughter as measuring lives, the testator's grand-children's life interests would have vested no later than the death of the testator's son or daughter; therefore the rule is not violated in the testator's grandchild-ren's generation. The testator's devises to his great grandchildren do violate the rule, however, because they will not necessarily vest within 21 years after the deaths of the measuring lives (the testator's children).[1]

---

[1] If the testator's children had all been dead at his death, there would have been no possibility that more grandchildren could have been born after his death; therefore in such a case the grandchildren alive at the testator's death could have been used as the measuring lives and the gift to his great-grandchildren would have been valid. See Leach, supra at 641, n. 5.

Therefore the gifts to the testator's great-grandchildren and all devises thereafter (including appellants') are void as being too remote. See generally *Landrum,* supra, at 318. Under Code Ann. § 85-707 (a) appellee is entitled to the property in fee simple as the last taker under legal limitations. See *Thomas v. C. & S. Nat. Bank,* 224 Ga. 572 (163 SE2d 823) (1968).

The trial court did not err in assessing the court costs against the appellants.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED
OCTOBER 5, 1976.

*Culpepper, Culpepper & Liipfert, S. M. Culpepper,* for appellants.

*W. L. Ferguson,* for appellee.