## 33362. INDIAN RIVER CONSTRUCTION COMPANY v. BELOIT PASSAVANT CORPORATION et al.

JORDAN, Justice.

Beloit Passavant Corporation sued Indian River Construction Company for the recovery of sales tax, with interest, which the State Revenue Commissioner had assessed against and collected from Beloit Passavant. Summary judgment was granted to Beloit Passavant and Indian River appeals from this judgment.

In 1971 and 1972 Beloit Passavant made two sales to Indian River of water and waste water treatment equipment which was used by Indian River in projects in Calhoun and Dalton, Georgia. The contracts pursuant to which Indian River purchased the equipment provided that the price quoted did not include any sales or other tax, that any such taxes are to be paid by the purchaser, and if paid by the seller, the purchaser agrees to repay the seller for the full amount thereof. Indian River did not pay sales tax on the equipment. The State Revenue Commissioner made an assessment against Beloit Passavant for sales tax on the purchases of equipment by Indian River, and in January, 1975, Beloit Passavant paid $15,631.50 as sales tax and interest on the sales. Beloit Passavant sued to recover this amount from Indian River.

Both parties filed motions for summary judgment. Indian River's motion was based on the assertion that no sales tax was due, since the equipment purchased by it, and installed in sewage treatment facilities at Calhoun and Dalton, was water pollution control equipment, which is exempt from Georgia sales tax.

The court, on its own motion, and by agreement of the

parties, made the State Revenue Commissioner a "third-party defendant," and requested him to advise the court if the sales were tax exempt; whether a claim for refund can be filed by either party; and whether the commissioner, if he determines the sales to have been tax exempt, will pay the tax refund into court.

The commissioner denied the jurisdiction of the court over him, but responded to the request of the court as follows: It is the contention of the commissioner that the sales do not qualify as tax exempt under Ga. L. 1967, p. 286 (Code Ann. § 92-3403a C (2) (t.1)), and Ga. L. 1972, p. 504 (Code Ann. § 92-3403a C (2) (y)), because the sales were made to a party other than the ultimate owner of each of the pollution control facilities. The applicable regulation, Revenue Regulation 560-12-2-.87, provides that the statutory exemption for pollution control machinery and equipment is available only to an ultimate owner, who may either purchase the equipment under a certificate of exemption or file a claim for refund of taxes paid. The machinery involved in the case is pollution control machinery which is entitled to an exemption when claimed by the facility owners. A refund cannot be granted to either of the parties in this case, and a refund cannot be paid into the registry of the court.

Thereafter the trial judge granted the motion for summary judgment of Beloit Passavant and denied the motion for summary judgment of Indian River. Judgment was entered against Indian River in the amount of the tax and interest paid by Beloit Passavant.

In *Eimco BSP Services Co. v. Chilivis,* 241 Ga. 263 (1978), this court made an in-depth study of the sales tax exemption granted for the sale of machinery and equipment incorporated into any facility and used for the primary purpose of reducing or eliminating air or water pollution; also the Reasonableness of Revenue Regulation 560-12-2-.87, which allows only the ultimate owner of water pollution control equipment to claim the exemption. We have held that the revenue regulation pertaining to the statutory exemption is reasonable, and that a contractor purchasing the equipment, who is not the ultimate owner of the water pollution control facility, is subject to the sales tax. That case decides, adversely to

the contentions of Indian River, the question of whether the tax was due, and whether Beloit Passavant made a voluntary payment of a tax not due.

Indian River owed the sales tax assessed on the purchases both by contract and by law. Code Ann. § 92-3415a (Ga. L. 1951, pp. 360, 373; 1953, pp. 197, 198); *Thyer Mfg. Corp. v. Drake,* 217 Ga. 114 (121 SE2d 136) (1961). The trial judge did not err in granting the motion for summary judgment of Beloit Passavant.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Hall and Bowles, JJ., who concur in the judgment only.*

ARGUED MARCH 14, 1978 — DECIDED APRIL 3, 1978 — REHEARING DENIED APRIL 25, 1978.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William A. Wright, George B. Haley,* for appellant.

*Kidd, Pickens & Tate, Charles M. Kidd, John A. Pickens, Gwenn E. Dorb,* for appellees.