### 33914. UNDERWOOD v. MacKENDREE et al.

JORDAN, Justice.

This appeal is from a judgment construing a will. The petition was brought pursuant to Code §§ 37-403 and 37-404 by two daughters of the testator, who were legatees under the will, against the trustee and other legatees. The construction sought was an interpretation of the intention of the testator as to the time of the termination of a trust created by the will. The appeal is by the guardian ad litem of unborn grandchildren of the testator.

1. The appellant asserts that the court erred in refusing to dismiss the petition. It is argued that since the petition was not brought by the trustee, and did not allege any imminent danger to the trust estate, a claim for relief was not stated under Code §§ 37-403 and 37-404.

Prior to the judgment the trustee joined with the plaintiffs in the prayer for a construction of the will. Furthermore, although the petition was brought under the equitable Code Sections, the legatees of the will were entitled to a construction of the will under the declaratory judgment statute. Code Ann. § 110-1107 (Ga. L. 1945, pp. 137, 138). It was not error to refuse to dismiss the petition.

2. The case was tried under a stipulation of facts, and the only question for determination is the legal effect of

the provision of the will terminating the trust.

The testator, Crancie L. Geiger, provides first in his will for the division of certain personal property between his children. All the residue of his property is placed in a trust, and extensive provisions are made for the operation of the trust estate. The trustee is authorized to pay 15% of the net income from the trust to his children until each child receives $50,000. The remainder of the income of the trust is to be added to the corpus. The trustee is authorized to encroach on the principal to provide for necessary support of either of the testator's children and any of his grandchildren, and for the education of any grandchildren. The testator stated his intention to be that the funds of the trust be held for the purpose of meeting emergency expenses and the expenses of unexpected sickness, and to assure that his grandchildren receive a good education.

Sub-item (d) of Item III provides for the termination of the trust, as follows: "When my youngest then living grandchild has reached the age of twenty-one years, or has completed its education, whichever event is the later, my trustee shall divide the remainder of the trust estate then in its hands into two equal separate shares and shall distribute one of such shares to each then living child of mine and one share, per stirpes, among the then living descendants of any deceased child of mine."

At the time of the death of the testator he had two living daughters and two living grandsons (now age 17 and 15) by one of the daughters. These are still in life. Since his death no child has been born to, or adopted by, either of the daughters.

The daughters asserted that the proper interpretation of the language "When my youngest then living grandchild has reached the age of 21 years or has completed his education, whichever event is later" is that the testator intended to include only those grandchildren living at his death.

The trial judge agreed with that contention and held that the trust will terminate when the younger of the two grandchildren living at the testator's death reaches 21 years of age or completes his education, whichever shall later occur, unless this grandchild should die prior to

reaching 21, in which case the trust will terminate when the older of the two grandchildren living at the testator's death reaches 21 or completes his education, whichever occurs later.

The guardian ad litem for unborn grandchildren (appellant) contends that the trial court should have ruled that any grandchild born or adopted after the testator's death and prior to the time the two now living grandchildren reach 21 and complete their education would be a member of the class of grandchildren included in the words "my youngest then living grandchild."

We cannot agree with the appellant that the language of the will could be construed as meaning that unborn grandchildren are included as the testator's beneficiaries, but only those born prior to the time the grandchildren living at his death reach 21 and complete their education. The language is susceptible of only two meanings, either that his beneficiaries were the grandchildren in life at his death, or that all of his grandchildren, including those born or adopted after his death, were his beneficiaries.

Should the language concerning the education of his grandchildren and the termination of the trust be construed as including grandchildren born or adopted after his death, as might be indicated by some of the statements in *Sheats v. Johnson,* 229 Ga. 150, 154 (2) (189 SE2d 856) (1972), the trust would violate the rule against perpetuities. The education, which may be postgraduate under the will, of a grandchild born or adopted immediately prior to the death of the testator's last surviving daughter could continue beyond the period of 21 years after "lives in being" under the rule against perpetuities. Code § 85-707, as amended. See *Rogers v. Rooth,* 237 Ga. 713 (229 SE2d 445) (1976), for the method of measuring "lives in being" under the rule against perpetuities.

In the last item of his will the testator expressed an intention to terminate "every trust" within the rule against perpetuities, "unless sooner vested as herein provided." The last sentence of this item is as follows: "The purpose of this provision is to prevent any possible violation of the rule against perpetuities and this

provision shall be so construed."

This item was the last expression of the testator's will and indicates his intention not to violate the rule against perpetuities. Construing the will as a whole we find that the testator intended that the trust would terminate when the youngest grandchild who was living at his death reaches the age of 21 and completes his education.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 13, 1978 — DECIDED DECEMBER 5, 1978.

*Smith, Geer, Brimberry & Kaplan, Daniel MacDougald, III,* for appellant.

*Gilbert, Kraselsky & Owens, Leonard H. Gilberg, Abner N. Israel, Devine, Wilkin, Deriso & Raulerson, Walter M. Deriso, Watson, Spence, Lowe & Chambless, G. Stuart Watson, Mark A. Gonnerman, Gardner & Willis, Sherman Willis,* for appellees.