S03A1041. STATHAM v. KELLY et al.
(584 SE2d 246)

THOMPSON, Justice.

Via warranty deed, J. E. Statham conveyed a fee simple interest in certain real property to his granddaughter, Annette Kelly, and her husband, Wayne Kelly. The conveyance was made in consideration of Annette's "love and affection" and included the following provision: "As a part of the consideration for this transfer it is expressly stipulated that should the grantees herein ever fail to use the premises described herein *for their personal residence* the property shall revert to the grantor and any interest held by the grantees herein shall be terminated." (Emphasis supplied.)

Wayne subsequently conveyed his interest in the property by quitclaim deed, and Statham initiated an action to quiet title and claimed a reversionary interest. The case was referred to a special master, who found that, although the deed purported to create a fee simple interest subject to condition subsequent, the reversionary language was a nullity because it was a restraint on alienation and repugnant to the fee simple estate. The superior court adopted the special master's findings and conclusions in its final decree and Statham appeals. We affirm.

It is axiomatic that one cannot create a fee simple estate in certain property and simultaneously prohibit entirely the alienation or use of the property. *Wills v. Pierce*, 208 Ga. 417 (67 SE2d 239) (1951). See also *White v. Hopkins*, 80 Ga. 154, 158 (1887). "Conditions repug-

nant to the estate granted or to do impossible or illegal acts, or which in themselves are contrary to the policy of the law, are void. Code § 85-903 [now OCGA § 44-6-43]. Under the Code section just quoted, a devise in fee with an inhibition against alienation is repugnant to the fee, and is therefore void." (Punctuation omitted.) *Wright v. Pritchett*, 213 Ga. 865, 867 (102 SE2d 602) (1958), citing with approval *Farkas v. Farkas*, 200 Ga. 886 (38 SE2d 924) (1946).

In *Wills v. Pierce*, supra, the grantor gave the grantee a tract of land in fee simple but added a provision that the property be used by the grantee, his family, and his heirs "as a home and a residence, and further that upon the failure of the said condition and the abandonment of said property as a residence by the grantee . . . the same shall revert to the grantor's estate." (Punctuation omitted.) 208 Ga. at 417. In construing the deed, this Court concluded that the grantee's right to sell the home (which was inherent in the fee simple estate) and the condition that the property was to be used as a home by the grantee and his family were mutually exclusive, and that, therefore, the condition was void because it was repugnant to the fee simple estate.

In this case, as in *Wills v. Pierce*, supra, the fee simple estate and the condition subsequent upon which the forfeiture is claimed are mutually exclusive because the Kellys must use the property as a home and they cannot, therefore, sell it. "A different question would have been presented if the condition subsequent had been that the premises should be used 'as a home' or 'for residential purposes' generally." Id. at 419.

In the final analysis, the problem in this case is not the fact that the deed included a condition subsequent, but that this particular condition is an absolute restraint on alienation.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 10, 2003 —
RECONSIDERATION DENIED JULY 30, 2003.

*Donovan & Chambers, Donald R. Donovan*, for appellant.
*Jay I. Shreenath*, for appellees.