20817, 20822. JACKSON *v.* JACKSON; and *vice versa.*

Argued March 15, 1960—Decided April 7, 1960.

*William G. Grant, Robert W. Spears, John W. Weeks,* for plaintiff in error.

*Robert F. Lyle, R. T. Bartholomew, N. Forrest Montet,* contra.

DUCKWORTH, Chief Justice. The allegations of the petition, tracing title to the land in question from 1883 to the petitioner, and alleging that he owned the same from 1933 and "did convey said realty . . . to said defendant on or about May 31, 1948," when considered on demurrer must be construed to mean that the fee-simple title was conveyed to the defendant. The petition then seeks to impress upon the land conveyed or the proceeds from the sale thereof a trust, upon the allegation that it was to be kept in the Jackson name and the grantee was to build his residence thereon. The alleged attempt to restrict the alienation is contrary to law, is violative of public policy, and is utterly void. *Wills* v. *Pierce,* 208 *Ga.* 417 (67 S. E. 2d 239). Logically, therefore, this unlawful agreement, irrespective of whether it was written into the deed, or was oral as alleged, is unenforceable, creates no obligation upon the grantee, and may be violated with absolute impunity. The defendant, having received an absolute deed, had the unrestricted right to convey same to whomsoever he chose. Code § 85-903; *Taylor* v. *Sutton,* 15 *Ga.* 103 (60 Am. Dec. 682); *Freeman* v. *Phillips,* 113 *Ga.* 589 (38 S. E. 943); *Crumpler* v. *Barfield & Wilson Co.,* 114 *Ga.* 570 (40 S. E. 808); *Stamey* v. *McGinnis,* 145 *Ga.* 226 (88 S. E. 935); *Leach* v. *Stephens,* 159 *Ga.* 193 (125 S. E. 192); *Wills* v. *Pierce,* 208 *Ga.* 417, supra. While the grantor makes no attempt to allege in what manner a breach of the promise by the grantee to build his residence thereon did or can possibly injure him, we would point out that by its very nature this promise could not have benefited the grantor, and consequently its breach can not possibly injure him. Since, as ruled above, the defendant had the right to alienate the title immediately, he could not after such alienation erect a residence thereon. Nor can it logically be contended that the grantor would have benefited because of the improved appearance from such building, since there are no specifications, and hence a straw hut would satisfy it but would hardly beautify the land. It follows that the defendant is shown to have obtained title to the fee, and the alleged conditions being illegal and unenforceable, the petition alleges no cause of action, and it was error to overrule the demurrer thereto.

The above ruling renders the other rulings of the lower court on the oral motion to dismiss and the motion to disallow it nugatory, hence no ruling on the cross-bill of exceptions will be necessary.

*Judgment reversed on the main bill; cross-bill of exceptions dismissed. All the Justices concur.*