323 So.2d 307 (1975)
Jerrie KROOP, Appellant,
v.
The CARAVELLE CONDOMINIUM, INC., a Florida Corporation, Appellee.
No. 75-223.
District Court of Appeal of Florida, Third District.
December 9, 1975.
*308 Williams, Salomon, Kanner & Damian and Robert I. Weissler, Miami, for appellant.
August, Nimkoff & Pohlig, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, plaintiff below, brings this appeal from a final declaratory judgment of the circuit court in favor of appellee, defendant below.
In January, 1966, appellant purchased from appellee in fee simple an apartment unit in the Caravelle Condominium located on Bay Harbor Islands, Florida. The purchase of the unit was made subject to all of the terms and conditions of the Declaration of Condominium. At the time of the purchase, Article XII of the Declaration of Condominiums provided, among other things, that "the unit owner shall have no right to sell or lease his interest, or any part thereof, except as expressly provided for herein." On October 27, 1971, appellee amended Article XII by adding, among other provisions, the following sentence, "In no event may any unit owner lease or rent his apartment unit more than once during the period of his ownership."
Subsequently, on September 20, 1972, appellant, as lessor, entered into a lease agreement with a third party lessee whereby appellant rented his condominium unit for a two year period ending on October 14, 1974. On February 13, 1974, appellant and the third party executed a one year extension agreement to the original lease.
After the execution of the extension agreement, appellee notified appellant that the extension agreement was in violation of Article XII of the Declaration of Condominium, as amended, and that appellant's lessee would not be able to continue to occupy the apartment unit after the expiration of the original lease.
On October 9, 1974, appellant filed a complaint for declaratory judgment seeking to have the October 27, 1971 Amendment to the Declaration of Condominium declared invalid, null, and void and to declare that the lease extension agreement should be given full force and effect.
At the non-jury trial held on January 15, 1975, the parties stipulated to essentially all of the facts. On January 20, 1975, a final judgment was entered by the trial judge upholding the validity of the Amendment and declaring that the third party lessee was entitled to the peaceful possession of the unit for the remaining term of her extension agreement with appellant. From this judgment, appellant appeals.
Appellant contends that, under the undisputed facts of this case and as a matter of law, the Amendment to Article XII of the Declaration of Condominium limiting the unit owner's right to lease his apartment to only once during the period of his ownership is unreasonable, invalid and unenforceable because: (a) the amendment is in direct violation of Chapter 711 of the Florida Statutes (the Condominium Act); (b) the amendment violates the rule against perpetuities; (c) the amendment constitutes an unreasonable restraint on his alienation of property; and (d) the amendment is an infringement upon his basic constitutional right to own, possess and enjoy property.
Appellee argues against appellant's grounds for reversal on appeal and cross-assigns as error the declaration of the trial judge that the extension agreement did not violate Article XII, as amended, of the Declaration of Condominium.
The trial judge in entering the final judgment held as follows:
"1. The Facts, the equities and the law are with the Defendant THE CARAVELLE CONDOMINIUM, INC., and against the Plaintiff JERRIE KROOP, except to any extent otherwise declared herein.

*309 "2. As a matter of fact and as a matter of law, the Court finds that Plaintiff acquired title to her condominium unit with knowledge that the Declaration of Condominium might thereafter be lawfully amended, as in fact from time to time has since occurred. The questioned Amendment to Article XII of said Declaration was adopted in a manner wholly procedurally proper, and for a proper purpose. That portion of its provision which prohibits any lease for a term less than one (1) year is permissible, and Plaintiff so concedes.
"3. As a matter of fact and as a matter of law, the Court finds that no restraint against alienation is present since the challenged clause does not restrict anyone's right to sell the fee, nor is any attempt to sell before the Court. Only the clause
in no event may any unit owner lease or rent his apartment unit more than once during the period of his ownership
is before the Court justiciably, and said clause constitutes no restraint upon alienation under the controlling law of the State of Florida. See Holiday out in America at St. Lucie, Inc. v. Bowes, Fla.App., 285 So.2d 63, relied upon by Plaintiff at argument.
"4. The question remains whether said quoted clause constitutes a regulation, restriction or limitation so unreasonable in degree as to violate Chapter 711, Florida Statutes, or other controlling provision of law. The Court holds that said clause is a wholly reasonable regulation upon leasing, and in nowise unreasonable, and that said clause is valid and enforceable.
"5. However, though not urged by Plaintiff as a ground for decision, this Court must further find, and so holds, that the attempted extension or renewal by Plaintiff of her lease with the Tenant RAPPAPORT is in its legal effect only that, an extension or renewal, and not a new lease prohibited by the above-quoted and valid clause. The initial two-year lease with RAPPAPORT could have been for a longer period in the first instance, and the Court holds that the extension or renewal between the same parties therefore does not violate Article XII."
It is axiomatic that a judgment of the trial court appealed to this court comes clothed with a presumption of correctness. The one who asserts error has the burden of showing it. Also, the burden is on appellee to show the error set forth in its cross-assignment of error. See 2 Fla.Jur., Appeals, § 316.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authority cited, the judgment appealed is affirmed.
Affirmed.