*James B. Blackburn, Miriam D. Lancaster,* for appellant.
*Adams, Gardner, Ellis & Inglesby, M. Lane Morrison, George L. Lewis,* for appellees.

## 42483. HILL v. FONTAINE CONDOMINIUM ASSOCIATION, INC.
(334 SE2d 690)

WELTNER, Justice.

Hill rented an apartment in the Fontaine complex when its occupancy was advertised as limited to adults only. He later purchased a unit when the complex was converted to condominiums. Subsequent to his purchase, the condominium association passed an amendment to its declaration restricting permanent residence to persons 16 years old or older. Hill, who was present at this meeting and voted against the amendment, had no children then. Two years later, Hill's wife gave birth to his son. When the condominium association advised Hill that it intended to enforce the restriction, he agreed to move. The association granted to him several extensions of time, which he requested, so that he might move without the sanctions provided in the declaration for failure to comply with its terms.

After 18 months had passed and Hill still failed to comply, the association filed suit in superior court. On a motion for summary judgment, the trial court ruled that the age restriction was valid. Hill

sought an interlocutory appeal to this ruling, which we granted.

1. Hill has raised a number of issues to which he would affix constitutional labels, no one of which is meritorious. As example, he contends that the occupancy restriction is, or could be, violative of the free practice of religion. The issue here is whether the occupancy restriction, while not itself a restraint upon alienation, is so unreasonable as to affect adversely the marketability of the property, and hence work a *de facto* restraint upon alienation. See OCGA § 44-6-43, relative to conditions "repugnant to the estate granted," and related cases, e.g., *Jackson v. Jackson,* 215 Ga. 849 (113 SE2d 766) (1960) (agreement to convey property only to persons bearing specific name held repugnant) and *Wills v. Pierce,* 208 Ga. 417 (67 SE2d 239) (1951) (conveyance in fee simple followed by condition subsequent with forfeiture clause held repugnant). See also OCGA § 44-3-110, authorizing certain restrictions in condominium declarations.

2. We hold that the restriction as to occupancy is not so unusual nor so unreasonable as to be "repugnant to the estate granted." Accordingly, Hill must be bound by the amended terms of the condominium declaration.

3. We note these authorities from other jurisdictions, holding that age restrictions as to occupancy of condominiums are not unreasonable: *White Egret Condominium, Inc. v. Franklin,* 379 S2d 346 (Fla. 1979) ("reasonable restrictions concerning use, occupancy, and transfer of condominium units are necessary for the operation and protection of the owners in the condominium concept"); *Everglades Plaza Condominium Assn. v. Buckner,* 462 S2d 835 (Fla. App. 1985) (age restriction in amendment to condominium declaration upheld); *Riley v. Stoves,* 526 P2d 747 (Ariz. App. 1974) (age restriction in mobile home community upheld); *Preston Tower Condominium Assn. v. S. B. Realty, Inc.,* 685 SW2d 98 (Tex. App. 1985) (age restriction in condominium agreement upheld); *Ritchey v. Villa Nueva Condominium Assn.,* 146 Cal. Rptr. 695, 100 ALR 3d 231 (Cal. App. 1978) (age restriction in condominium agreement upheld as constitutional). Cf. *O'Connor v. Village Green Owners Assn.,* 662 P2d 427 (Cal. 1983) (age restriction in condominium agreement held violative of state civil rights statute).

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs specially, and Smith, J. who concurs in the judgment only.*

HILL, Chief Justice, concurring specially.

I concur in the judgment of the court because the evidence does not show that buyers are unwilling to buy the condominium and does not show that parents with children under 16 are unable to purchase housing. Therefore no de facto restraint on alienation and no viola-

tion of public policy have been shown.

DECIDED OCTOBER 2, 1985.

*Burkett, Wydro & Schneider, Philip J. Wydro,* for appellant.
*Philip S. Downer, Robert H. Dellecker,* for appellee.