MARY BONNEAU (BONNIE) McELVEEN-HUNTER v. FOUNTAIN MANOR ASSOCIATION, INC.

No. 8818SC1087

(Filed 19 December 1989)

**Deeds § 19.3 (NCI3d) — restrictions in condominium — declaration amended — amendment applicable to all owners**

A duly adopted declaration amendment which restricts the occupancy or leasing of units in a condominium complex

is binding upon owners who bought their units before the amendment was adopted as well as upon owners who bought subsequent to the amendment.

**Am Jur 2d, Condominiums and Co-Operative Apartments §§ 17, 39.**

APPEAL by defendant from *Cornelius, Judge*. Judgment entered 16 June 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 May 1989.

*Osteen & Adams, by William L. Osteen, Sr., for plaintiff appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Charles E. Nichols and Everett B. Saslow, Jr., for defendant appellant.*

PHILLIPS, Judge.

This appeal concerns the enforceability of a condominium declaration amendment which restricts the leasing of units in the Greensboro residential condominium complex known as Fountain Manor. The pertinent facts follow: Plaintiff owns four units in that complex. Defendant, a non-profit corporation, operates and manages the complex, which was established under Chapter 47A of the North Carolina General Statutes, the "Unit Ownership Act." When plaintiff's units were acquired—the first in 1978, the last in April, 1985—the condominium declaration did not restrict the leasing of units, but did forbid their use by transients or for commercial purposes. For a year or so before June, 1986 plaintiff rented all her units to tenants for short periods of less than a year, sometimes for less than a month, and some rentals were to corporations; during that time one unit had twelve different sets of tenants, another one had seven, and another had six. The great majority of the Fountain Manor units are occupied by owners, most of whom are elderly and live with their spouses or alone, and some owners complained about plaintiff's short term lessees being too noisy, not maintaining the common spaces properly, and allowing pets to run loose. Through their efforts the condominium declaration was amended effective 24 June 1986 to forbid *inter alia* the leasing of units to corporations, to persons for less than a year, and subleasing. Plaintiff sued to have the amendments declared invalid and their enforcement enjoined; and defendant counterclaimed for plaintiff's failure to abide by them. Following the filing of cross-

McELVEEN-HUNTER v. FOUNTAIN MANOR ASSN.

[96 N.C. App. 627 (1989)]

motions for summary judgment, along with supporting affidavits, depositions and other materials, the parties agreed that the material facts are not in dispute and that the only question presented, the validity of the amendments, is one of law. In resolving that question the trial judge ruled that the amended declaration is valid as to purchasers of units after their adoption, but is invalid as to plaintiff and other owners who bought their units before the amendment was adopted.

The judgment is erroneous and we reverse it. The rights and duties of condominium unit owners under Chapter 47A of the North Carolina General Statutes are not the same as those of real property owners at common law. Recognizing the interest that all unit owners have in the operation of their mutually owned enterprise, the Chapter permits restrictions to be imposed by the declaration or recorded instrument which submits the property to the provisions of the Chapter and permits the unit owners to amend the declaration by following the procedures prescribed and makes the rules so adopted binding upon all owners involved. G.S. 47A-3(6) provides:

'Declaration' means the instrument, duly recorded, by which the property is submitted to the provisions of this Article, as hereinafter provided, and such declaration as from time to time may be lawfully amended.

G.S. 47A-28 provides that:

(a) All unit owners, tenants of such owners, employees of owners and tenants, or any other persons that may in any manner use the property or any part thereof submitted to the provisions of this Article, shall be subject to this Article and to the declaration and bylaws of the association of unit owners adopted pursuant to the provisions of this Article.

(b) All agreements, decisions and determinations lawfully made by the association of unit owners in accordance with the voting percentages established in the Article, declaration or bylaws, shall be deemed to be binding on all unit owners.

And G.S. 47A-10 provides that:

Each unit owner shall comply strictly with the bylaws and with the administrative rules and regulations adopted pursuant thereto, as either of the same may be lawfully amended

from time to time, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to his unit. Failure to comply with any of the same shall be grounds for an action to recover sums due, for damages or injunctive relief, or both, maintainable by the manager or board of directors on behalf of the association of unit owners or, in a proper case, by an aggrieved unit owner.

The amending procedure set forth in Article XXVII of the Fountain Manor Declaration of Condominium requires *inter alia* an affirmative vote by 75 percent of unit owners for the amendment involved, and it is conceded that the procedure was followed, and that over 91 percent of the unit owners — 160 out of 174 — approved it.

Though our Courts have not heretofore considered whether a duly adopted declaration amendment that restricts the occupancy or leasing of units in a condominium complex is binding upon owners who bought their units before the amendment was adopted, other courts have and most of them have held that such amendments are binding upon earlier buyers. *See Hill v. Fontaine Condominium Association, Inc.*, 255 Ga. 24, 334 S.E.2d 690 (1985); *Ritchey v. Villa Nueva Condominium Association*, 81 Cal.App.3d 688, 146 Cal. Rptr. 695 (1978); *Seagate Condominium Association, Inc. v. Duffy*, 330 So.2d 484 (Fla. App. 1976); *Kroop v. Caravelle Condominium, Inc.*, 323 So.2d 307 (Fla. App. 1975). This is the sounder view in our opinion, and we adopt it. For the occupancy of a large number of individually owned residential units in a building or complex can raise problems that must be resolved in some orderly and binding way if the enjoyment and tranquility of the occupants is to be secured and promoted, and the foregoing statutes were enacted to serve that purpose. For they authorize the amending of condominium declarations when the designated percentage of owners sees fit, and make such amendments binding upon all unit owners without regard to when the units were acquired. Plaintiff having acquired her units subject to the right of the other owners to restrict their occupancy and that right having been exercised, she is bound thereby. The amendment does not infringe upon any legal right of the plaintiff's; for she had notice before the units were bought that the declaration was changeable and the changes made, no more stringent than the conditions required of many apartment renters, are reasonably related to the common good of all unit owners.

Thus, the summary judgment for the plaintiff is vacated and the case is remanded to the Superior Court for entry of summary judgment for defendant.

Vacated and remanded.

Judges BECTON and LEWIS concur.