595 So.2d 198 (1992)
FLAGLER FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, Appellant,
v.
CRESTVIEW TOWERS CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 91-2078.
District Court of Appeal of Florida, Third District.
February 25, 1992.
Rehearing Denied April 7, 1992.
*199 Keith, Mack, Lewis, Cohen & Lumpkin and Hugh Lumpkin and Cindy J. Mishcon, Miami, for appellant.
Becker & Poliakoff and David H. Rogel, Miami, for appellee.
Before BASKIN, JORGENSON and LEVY, JJ.
BASKIN, Judge.
Flagler Federal Savings and Loan Association of Miami [FFSL] appeals a final summary judgment entered in favor of defendant, Crestview Towers Condominium Association, Inc. [Association], in a declaratory judgment action brought by FFSL to determine its right to lease two condominium units. We affirm.
In June 1970, the developers of Crestview Towers Condominium (Crestview) executed a Declaration of Condominium and recorded it in the public records of Dade County. The Declaration stated that unit owners could not lease their units without the express approval of the Association. The Declaration excluded from the leasing restrictions institutional mortgagees acquiring title. While the exclusion was in effect, FFSL became the mortgagee on Crestview Units 503 and 216.
In June 1984, the Declaration was amended to prohibit leasing entirely. In 1987, FFSL acquired title to Unit 503 by purchasing the unit at a foreclosure sale. It acquired title to Unit 216 when the mortgagors gave FFSL a quitclaim deed in lieu of foreclosure. When FFSL attempted to lease the units, the Association objected, asserting that the amended Declaration proscribed leasing. FFSL filed an action against the Association requesting a declaration of its right to lease and seeking injunctive relief. The trial court granted the Association's motion for summary judgment and entered a final summary judgment. FFSL instituted this appeal.
FFSL argues that neither unit is bound by the amendment to the Declaration. It maintains that unit owners are bound by the rules in effect at the time they acquire title and that its titles to both units relate back to the dates of the mortgages, which predate the amendment. Thus, it asserts, the amendment prohibiting leasing does not apply to its units. FFSL does not *200 argue that the amendment was not properly adopted by the Association. Kroop v. Caravelle Condominium, Inc., 323 So.2d 307 (Fla. 3d DCA 1975).
First, we find no authority to support FFSL's assertion that title to Unit 216, acquired by a quitclaim deed in lieu of foreclosure, relates back to the date of the mortgage.[1] Thus, the operative date for the purpose of determining the applicability of the Declaration amendment to Unit 216 is the date of the quitclaim deed. When FFSL acquired title by quitclaim deed to this unit in 1987, the amended Declaration was in effect. FFSL was aware of the recorded Declaration and its amendment provisions when it mortgaged the unit and when it acquired the unit.[2] Accordingly, it may not complain that the Declaration amendment is binding. Providence Square Ass'n v. Biancardi, 507 So.2d 1366, 1372 (Fla. 1987) (condominium purchaser charged with knowledge of recorded documents); see Kroop, 323 So.2d at 307 (condominium owner acquired title with knowledge of Declaration and possibility of subsequent amendments).
Furthermore, while FFSL's title to Unit 503, acquired at foreclosure sale, does relate back to the date of the mortgage, Summerlin v. Orange Shores, Inc., 97 Fla. 996, 122 So. 508 (1929); Mortgage Investors of Washington v. Moore, 493 So.2d 6 (Fla. 2d DCA 1986), FFSL is nonetheless bound by the Declaration amendment. Restrictions found in a Declaration of Condominium "are clothed with a very strong presumption of validity which arises from the fact that each individual unit owner purchases his unit knowing of and accepting the restrictions to be imposed." Hidden Harbour Estates v. Basso, 393 So.2d 637, 639 (Fla. 4th DCA 1981). FFSL was aware of the recorded Declaration of Condominium binding Unit 503 when it issued the mortgage;[3] the same Declaration contained provisions for amending the Declaration. Providence Square; White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979). FFSL had the option of refusing to issue mortgages on units bound by the Declaration. FFSL, like other unit owners who acquired title prior to the amendment, is bound by the Declaration as amended. Everglades Plaza Condominium Ass'n v. Buckner, 462 So.2d 835 (Fla. 4th DCA 1984); Seagate Condominium Ass'n v. Duffy, 330 So.2d 484 (Fla. 4th DCA 1976); Kroop; McElveen-Hunter v. Fountain Manor Ass'n, 386 S.E.2d 435 (N.C. Ct. App. 1989), affirmed, 328 N.C. 84, 399 S.E.2d 112 (1991); Hill v. Fontaine Condominium Ass'n, 255 Ga. 24, 334 S.E.2d 690 (1985); see Hidden Harbour Estates; Constellation Condominium Ass'n v. Harrington, 467 So.2d 378 (Fla. 2d DCA 1985); Ritchey v. Villa Nueva Condominium Ass'n, 81 Cal. App.3d 688, 146 Cal. Rptr. 695 (1978). Compare Winston Towers 200 Ass'n v. Saverio, 360 So.2d 470 (Fla. 3d DCA 1978) (condominium *201 association by-law invalid when it attempts to impose retroactive regulation). For these reasons, we conclude that the trial court properly entered summary judgment in the Association's favor.
Appellant's remaining points lack merit.
Affirmed.
NOTES
[1] "As a general rule, if a borrower returns his interest in mortgaged property to the lender, such a transfer operates as a merger of the two estates of interests, the lender is vested with complete title and any rights that he formerly held under the mortgage are terminated." Prigal v. Kearn, 557 So.2d 647, 648 (Fla. 4th DCA 1990) (emphasis added); Alderman v. Whidden, 142 Fla. 647, 195 So. 605, 606 (1940); Janus Properties v. First Florida Bank, N.A., 546 So.2d 785, 786 (Fla. 2d DCA 1989) ("by accepting the warranty deed ... First Florida merged its equitable interest as mortgagee into its new legal interest as owner of the property.") (emphasis added); Floorcraft Distributors, Inc. v. Horne-Wilson, Inc., 251 So.2d 138, 140 (Fla. 1st DCA 1971).
[2] The legal description to Unit 216, as recited in FFSL's complaint, is:

Unit No. 216, CRESTVIEW TOWERS CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 6888, at Page 155, of the Public Records of Dade County, Florida; as amended. together with all improvements, appliances and fixtures located thereon as described in said mortgage.
(Emphasis added).
[3] The legal description to Unit 503, as recited in FFSL's complaint, is:

Unit No. 503, CRESTVIEW TOWERS CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 6888, at Page 155, of the Public Records of Dade County, Florida; as amended. together with all improvements, appliances and fixtures located thereon as described in said mortgage.
(Emphasis added).