A02A0782. WILLIAMS et al. v. FLINTKOTE COMPANY et al.
(568 SE2d 106)

RUFFIN, Judge.

Joyce and Carlton Williams sued the Flintkote Company ("Flintkote"), GAF Corporation ("GAF"), and numerous other corporations for negligence, strict liability, and breach of warranty, alleging that Mrs. Williams suffered injury from exposure to asbestos-containing products sold or distributed by the defendants. Following discovery, Flintkote and GAF moved for summary judgment, which the trial court granted. The Williamses now appeal. For reasons that follow, we affirm the trial court's ruling with respect to Flintkote, but dismiss the Williamses' appeal as to GAF.

1. Submissions from the parties reveal that GAF sought Chapter 11 bankruptcy protection on January 5, 2001, after the Williamses filed their notice of appeal. Accordingly, further proceedings against GAF are stayed by operation of 11 USC § 362, and we must dismiss this appeal without prejudice as to GAF.[1] The Williamses may file a new notice of appeal relating to GAF within 30 days after the bankruptcy court lifts its stay.[2]

2. In two enumerations of error, the Williamses argue that the trial court erred in granting Flintkote's summary judgment motion. Summary judgment is appropriate when no genuine issues of material fact remain and the evidence, construed in the light most favorable to the nonmoving party, warrants judgment as a matter of law.[3] We review the trial court's grant of summary judgment de novo.[4]

(a) Viewed favorably to the Williamses, the record shows that Mrs. Williams worked as a sewing machine operator and terry cloth inspector at the Muscogee/Field Crest Cannon Textile Plant ("Muscogee plant") from 1960 to 1963. She also worked as a sewing machine operator at the Opelika Manufacturing Plant ("Opelika plant") from approximately 1965 to 1975. The record further shows that the Muscogee plant employed Mr. Williams as a loom mechanic from 1959 to 1966 and 1969 to 1995.

In December 1999, Mrs. Williams was diagnosed with mesothe-

---

[1] See *Hoffman v. AC&S, Inc.*, 248 Ga. App. 608 (1) (548 SE2d 379) (2001).

[2] See id.

[3] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Hoffman*, supra at 610 (2).

[4] See *Hoffman*, supra.

lioma, a type of cancer. She and her husband subsequently sued Flintkote and 29 other corporations, asserting that their asbestos products caused her condition. The Williamses alleged exposure to these products in two ways. First, they claimed that Mrs. Williams "worked in the vicinity of [the defendants'] products" at the Muscogee and Opelika plants. Second, they asserted that "[Mrs. Williams] was exposed by washing the work clothes of her husband . . . , who also worked in the vicinity of [the defendants'] products" at the Muscogee plant.

Flintkote moved for summary judgment, arguing the record lacked evidence that Mrs. Williams was exposed to an asbestos product that it manufactured or distributed. The trial court agreed and granted Flintkote's motion. We find no error.

To avoid summary judgment, the Williamses needed to present evidence that Flintkote's asbestos-containing product was used at the Muscogee and/or Opelika plants and that Mr. or Mrs. Williams " 'was in proximity to that product at the time it was being used.' "[5] At their depositions, the Williamses could not recall working around any product associated with Flintkote. In fact, neither had heard of Flintkote. An asbestos plaintiff, however, may also meet her burden of proof by offering the testimony of a co-worker " 'who can identify [the] plaintiff by name as having worked with or around a particular defendant's asbestos-containing products.' "[6]

Relying on this proof method, the Williamses presented the testimony of Walter White, who performed or supervised pipe insulation work at the Opelika plant between 1968 and 1975 and at the Muscogee plant from 1959 to 1966 and 1969 to 1975. The parties dispute whether the evidence supports any inference that White had contact with Mrs. Williams or her husband, worked anywhere near them, or knew anything about their working conditions at the plants. Yet, even assuming that the Williamses can show a sufficient connection with White, his testimony does not require reversal.

White testified that he used or witnessed others using various asbestos products at the Muscogee and Opelika plants. Specifically, White recalled seeing at the plants asbestos materials manufactured by Kaylo, Caltemp, Cal-sil, BEH, Pabco, Phillip Carey, Armstrong, Owens Corning, GAF, and Ruberoid. The Williamses, however, presented no evidence linking these materials or manufacturers with Flintkote.

Questioned directly about Flintkote products, White testified that he used Flintkote "mastics" — a semi-liquid protective coating

---

[5] Id. at 611 (2).
[6] Id.

often applied to pipes — at the Muscogee and Opelika plants. But he could not remember the name of these mastics, where they were used in the plants, or if they contained asbestos. Furthermore, White could not recall whether any other Flintkote products were used at these plants. He also testified that he utilized mastics manufactured by different companies at the Muscogee and Opelika plants.

The record shows that the Muscogee plant had multiple stories, and, although built on only one floor, the Opelika plant "was pretty large." Asked generally where in the plants he used the many products identified during his deposition, White stated, "[a]ll over the — everywhere. All floors." He further testified that he worked with all of the asbestos products in the Muscogee plant basement, where Mrs. Williams worked. As noted above, however, White could not recall where the Flintkote mastics were applied, and he did *not* characterize those mastics as asbestos products.

White's testimony provides no insight into where, within the Muscogee and Opelika plants, he utilized the Flintkote mastics. His broad statement that he used the many products mentioned in his deposition, which were manufactured or distributed by numerous companies, "all over" the plants does not suffice. And, by his own testimony, White's more specific recollection that he used asbestos-containing products in the Muscogee basement does not apply to the Flintkote mastics.

"Although [the Williamses are] entitled to the benefit of all reasonable inferences to be drawn from the evidence, such inferences 'cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative.' "[7] Any conclusion that White or other workers used the Flintkote mastics " 'in proximity to' " Mr. or Mrs. Williams would be mere speculation.[8] At most, White's testimony shows that Flintkote mastics were applied somewhere within two large manufacturing plants. Because no evidence tied Mrs. Williams or her husband to this Flintkote product or its use,[9] the trial court properly awarded Flintkote summary judgment.[10]

---

[7] Id. at 610 (2).

[8] Id. at 611 (2).

[9] The Williamses have pointed to no evidence that the Flintkote mastics actually contained asbestos. Flintkote, however, did not seek summary judgment on this ground. Rather, its argument focused on whether the Williamses had shown any exposure to a Flintkote product. In responding to Flintkote's motion, therefore, the Williamses did not need to present evidence that the Flintkote mastics contained asbestos. See *Graff v. McReynolds & Assoc. &c.*, 248 Ga. App. 26, 27 (1) (545 SE2d 159) (2001) (" 'The issues that must be rebutted on motion for summary judgment are those raised by the motion.' ").

[10] See *Hoffman*, supra at 612 (summary judgment for asbestos manufacturer appropriate; plaintiff presented no evidence that defendant's product contained asbestos, witness did not know where the product was used at job site, and witness did not know when it was used); cf. *John Crane, Inc. v. Wommack*, 227 Ga. App. 538, 541 (2) (c), (d) (489 SE2d 527)

(b) The Williamses also argue that, in granting summary judgment, the trial court improperly relied on the Eleventh Circuit's decision in *Blackston v. Shook & Fletcher Insulation Co.*[11] Although the written summary judgment order does not refer to *Blackston*, the trial court stated at the summary judgment hearing that "the evidence in this case is precisely the type of speculative . . . evidence that the *Blackston* [case] fits for motion for summary judgment."

Interpreting Georgia law, the *Blackston* court found that an asbestos claimant must "show that he was exposed to defendant's asbestos-containing product by working with or in close proximity to the product."[12] The court also "reject[ed] the argument that [it] should create a judicial presumption that a plaintiff was exposed to the asbestos in a defendant's products by simply showing that he worked at a job site at a time when the defendant's asbestos-containing products were used."[13]

The Williamses claim that the trial court should not have relied on *Blackston* and that we should adopt the presumption *Blackston* rejected. In *Hoffman v. AC&S, Inc.*, however, we cited *Blackston* with approval.[14] Furthermore, we determined that, to survive summary judgment, an asbestos plaintiff must present evidence that the defendant's asbestos-containing product was used at the job site *and* that he or she was *in proximity to* that product during its use.[15] The presumption suggested by the Williamses runs counter to these *Hoffman* proof requirements, which support summary judgment in this case. Accordingly, we find no error in the trial court's ruling.

3. Finally, Flintkote has moved to strike from the appellate record affidavits submitted by Mr. and Mrs. Williams, which seek to establish a connection or relationship between themselves and White. In Division 2 (a), however, we assumed that the Williamses had shown a sufficient connection with White, but still found summary judgment appropriate. Regardless of whether the trial court properly included these affidavits in the record, Flintkote is entitled to summary judgment. Flintkote's motion to strike, therefore, is dismissed as moot.

*Summary judgment in favor of the Flintkote Company affirmed. Appeal of judgment relating to GAF Corporation dismissed with instructions. Pope, P. J., and Barnes, J., concur.*

---

(1997) (trial court properly denied asbestos manufacturer's directed verdict motion because asbestos claimant presented evidence that he used defendant's asbestos product at job site and was exposed to a substantial amount of respirable asbestos fibers).

[11] 764 F2d 1480 (11th Cir. 1985).

[12] Id. at 1481; see also id. at 1482-1484 (discussing Georgia law).

[13] Id. at 1481.

[14] See *Hoffman*, supra at 611.

[15] See id.

DECIDED JUNE 27, 2002 

*Gregory, Christy & Maniklal, Hardy Gregory, Jr., Mark F. Dehler, Michael E. Perez*, for appellants.

*Swift, Currie, McGhee & Hiers, Anandhi S. Rajan, Mary D. Owens, Smith & Moore, Edward M. Newsom*, for appellees.