## A03A0701. ALDRIDGE v. OVERSTREET et al.
### (584 SE2d 46)

RUFFIN, Presiding Judge.

Troy Aldridge leased farm land from Eric Moore, and the contract contained a restrictive covenant. After Moore sold the land to Benny Overstreet, Overstreet Limited Partnership, and Wayne McKinnon (collectively, "Overstreet"), Aldridge petitioned to enforce the restrictive covenant against Overstreet. The trial court denied the petition, granting summary judgment in favor of Overstreet. Aldridge appeals, asserting that the provision in the lease is enforceable against Overstreet as an equitable servitude. We disagree and, therefore, affirm the trial court's ruling.

A trial court properly grants summary judgment "when no genuine issues of material fact remain and the evidence, construed in the light most favorable to the nonmoving party, warrants judgment as a matter of law."[1] Our review of the grant of summary judgment is de novo.[2]

Viewed in this light, the evidence shows that, in 1992, Aldridge entered into a contract with Moore, leasing approximately 800 acres of farm land. At that time, a portion of the farm land was eligible for federal farm aid. According to the contract, the farmer could receive federal subsidies for bases of 71.7 acres of corn and 47.9 acres of cotton. Aldridge and Moore anticipated that, over the course of the lease, Aldridge would increase the land farmed, thereby increasing the bases for federal aid. Thus, the lease provided that, upon termination of the lease, if Aldridge and Moore

> cannot agree on an amount to be paid by [Moore] to [Aldridge] . . . due to an increase in the corn base and cotton base . . . [neither Moore] nor his heirs, assigns, transferees, devisees, etc. shall allow said corn base or cotton base increases to be grown or participated in any government program.

The contract was then recorded in the Atkinson County deed book.

---

[1] *Williams v. Flintkote Co.*, 256 Ga. App. 205 (2) (568 SE2d 106) (2002).
[2] See id.

According to Aldridge, when the lease ended, he had "increased the number of cotton base acres from 47.9 acres to 487.4 acres." Moore, however, did not pay Aldridge for the increased cotton base. Rather, Moore sold the property to Overstreet.[3] In March 2000, Aldridge sued Overstreet to enjoin it from receiving any farm subsidies in contravention of the agreement he had reached with Moore. Overstreet answered, asserting that it was entitled to receive all federal subsidies from January 1, 2000, and forward based upon its ownership of the property. Overstreet then moved to add Moore as a party, claiming that "if [Aldridge] is owed any money on account of the termination of the lease[,] . . . such amount is owed by Moore." However, Aldridge opposed adding Moore as a party, arguing, inter alia, that Moore did not breach the lease agreement, which gave Moore the right to either pay Aldridge or sell the property subject to the restrictive covenant.

Overstreet and Aldridge filed cross-motions for summary judgment. The trial court granted Overstreet's motion and denied the motion filed by Aldridge. On appeal, Aldridge asserts that the trial court erroneously discounted his equitable argument, focusing instead on whether the restrictive covenant runs with the land as a matter of law. Aldridge concedes that the covenant is not enforceable as a covenant running with the land, but maintains that it is enforceable as an equitable servitude. We disagree.

As noted by Aldridge, "[e]quity will enforce a *lawful* restrictive agreement concerning land against a person who takes with notice of the contract."[4] Thus, in order for the covenant contained in the lease to be enforceable in equity, it must be lawful. An agreement that restricts alienation of property and provides no benefit to the party seeking enforcement is unlawful.[5] The covenant at issue is such an agreement.

Restrictive covenants contained in leases are subject to the rules of contract construction.[6] In construing the contract, we first "look to the four corners of the instrument to determine the meaning of the agreement from the language employed."[7] Here, the relevant clause provides that, if Moore did not pay Aldridge for the increase in corn

---

[3] The contract provided that Overstreet would initially lease the farm land from Moore as part of a like-kind exchange before acquiring title. However, as of January 1, 2000, Overstreet owned the land in fee simple.

[4] (Emphasis supplied.) *Langenback v. Mays*, 207 Ga. 156, 158 (2) (60 SE2d 240) (1950).

[5] See *Jackson v. Jackson*, 215 Ga. 849, 851 (113 SE2d 766) (1960) (agreement that property would only be conveyed to individual bearing Jackson family name, which did not benefit grantor, illegal and void).

[6] See *Parkside Center v. Chicagoland Vending*, 250 Ga. App. 607, 609 (1) (552 SE2d 557) (2001).

[7] *Barrow County Airport Auth. v. Romanair, Inc.*, 254 Ga. App. 722, 724 (2) (563 SE2d 467) (2002).

and cotton bases, neither Moore nor "his heirs, assigns, transferees, devisees, etc. shall allow said corn base or cotton base increases to be grown or participated in any government program."

Thus, as written, the agreement prevents future owners from *ever* growing corn or cotton on the increased cotton base acres cultivated by Aldridge or receiving subsidies from any government program as a result of growing such crops. This type of ongoing restriction clearly impacts the owner's ability to alienate land and undermines the "sound policy that land use must be governed by its present owners, and should be subjected only in severely restricted circumstances to control by former owners."[8]

Moreover, the enforcement of the restriction provides no discernible benefit to Aldridge. We note that Aldridge does not suggest that he is entitled to the government subsidies. Nor does he contend that either Moore or Overstreet owes him money for his effort in cultivating the additional acres.[9] All Aldridge seeks is to prohibit any other person from benefitting from his work. Equity, however, will not enforce such agreement.[10] It follows that the trial court did not err in granting Overstreet's motion for summary judgment and in denying that filed by Aldridge.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JUNE 19, 2003 — 

*Preston & Preston, William L. Preston*, for appellant.
*Cottingham & Porter, Sidney L. Cottingham*, for appellees.

---

[8] *Copelan v. Acree Oil Co.*, 249 Ga. 276, 278 (2) (290 SE2d 94) (1982).

[9] Indeed, Aldridge concedes that the lease, as written, gave Moore the right to restrict the use of the land rather than issue payment.

